IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| TAQI EL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|   v. | )    CV 117-052 |
| | ) |
| NORTH CAROLINA STATE | ) |
| EMPLOYEES' CREDIT UNION, | ) |
| | ) |
|     Defendant. | ) |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned case. Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). On May 1, 2017, the Court gave Plaintiff an opportunity to amend his complaint to cure pleading deficiencies, (doc. no. 4), and informed Plaintiff his amended complaint would supersede and replace in its entirety the previous pleading. See Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016); Lowery v. Alabama Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007). The Court also specifically cautioned Plaintiff that (1) no portion of any prior pleading could be incorporated by reference into the amended complaint, and (2) the amended complaint must contain all claims that he wanted the Court to consider as a basis for awarding relief. (Doc. no. 4, p. 5.)

**I.    SCREENING OF THE AMENDED COMPLAINT**

   **A.    BACKGROUND**

Plaintiff names North Carolina State Employees' Credit Union as the sole Defendant. (Doc. no. 5, pp. 1, 2.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff states, "Defendant breached a simple contract payoff agreement by refusing to cancel the lien after receiving tender of payment in full from Plaintiff." (Id. at 4.) Plaintiff provides a loan number, 4014736001, and based on the reference to a lien and his requested relief, the Court presumes Plaintiff borrowed money using real property as collateral, paid off the loan, and is now demanding cancellation of the property lien. (Id. at 4, 6 (requesting direction to Defendant "to refrain from selling Plaintiff's property").) Plaintiff lists 28 U.S.C. § 2201 and 15 U.S.C. §§ 1692e and 1692k as the basis for federal jurisdiction. (Id. at 3.)

   **B.    DISCUSSION**

      **1.    Legal Standard for Screening**

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. The amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the court has a duty to re-write the amended complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Federal Subject Matter Jurisdiction

"[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and

should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). Federal courts must always dismiss cases upon determining that they lack subject matter jurisdiction, regardless of the stage of the proceedings. Goodman *ex rel.* Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001). To invoke the jurisdiction of the Court, a plaintiff must properly "allege the jurisdictional facts, according to the nature of the case." McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 182 (1936).

"A federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). The party asserting jurisdiction has the burden of establishing that their cause lies within this limited grant of jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Here, despite Plaintiff's citation to three federal statutes, the complaint is devoid of any federal claim or cause of action and appears, in accordance with the title Plaintiff affixed to the top of the Statement of Claim section of the complaint form, (doc. no. 5, p. 4), to be a simple breach of contract claim over which there is no federal jurisdiction.

As to the first basis for federal jurisdiction raised by Plaintiff, the Declaratory Judgment Act provides, "In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. "In all cases arising under the Declaratory

4

Judgment Act the threshold question is whether a justiciable controversy exists." Atlanta Gas Light Co. v. Aetna Cas. and Sur. Co., 68 F.3d 409, 414 (11th Cir. 1995) (citations omitted). However, "[t]he Federal Declaratory Judgment Act does not expand federal jurisdiction; the Act merely creates a new remedy in cases or controversies for which an independent basis of federal jurisdiction exists." First Fed. Sav. and Loan Ass'n of Lake Worth v. Brown, 707 F.2d 1217, 1220 (11th Cir. 1983) (citations omitted). Thus, as the Declaratory Judgment Act cannot form an independent basis for federal question jurisdiction, the Court turns to the other two federal statutes cited by Plaintiff.

Plaintiff cites two provisions of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692e and 1692k, as a basis for federal jurisdiction. (Doc. no. 5, p. 3.) Section 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," and it provides a non-exhaustive list of representative prohibited practices. 15 U.S.C. § 1692e. Section 1692k describes the civil liability attendant to a debt collector who fails to comply with the FDCPA and provides that an action to enforce liability under the FDCPA may be "brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year of the date on which the violation occurs." Id. §§ 1692k(a) & (d).

By regulating the type and number of contacts a debt collector may make with a debtor, the FDCPA provides a mechanism to regulate the manner in which debts are collected, and a private cause of action may lie for violations of the FDCPA. See, e.g., LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1187 (11th Cir. 2010) (recognizing

5

private cause of action for FDCPA violation). To state a claim under the FDCPA, a plaintiff must establish: (1) he "was the object of 'collection activity' arising from 'consumer debt'; (2) Defendant qualifies as a 'debt collector' under the FDCPA; and (3) Defendant engaged in an act or omission prohibited by the FDCPA." Belle Terrace Presbyterian Church v. CC Recovery, No. CV 112-084, 2014 WL 317190, at *2 (S.D. Ga. Jan. 28, 2014) (Hall, CJ).

Here, Plaintiff has not shown the FDCPA applies to the dispute he describes in his amended complaint. Plaintiff has not plead that Defendant is a "debt collector" seeking to recover an outstanding "consumer debt." Cf. LeBlanc, 601 F.3d at 1193. Section 1692a defines both a "consumer" and "debt," including that a debt is an "obligation or alleged obligation of a consumer to pay money arising out of a transaction in which money [or] property . . . which are the subject of the transaction are primarily to personal, family, or household purposes." Plaintiff has not identified the subject of his transaction with Defendant, and the dispute he describes arose *after* he allegedly paid off the debt.

Plaintiff does not describe any wrongdoing during the collection process. Indeed, Plaintiff provides no details of the collection process, asserting only that Defendant refused to cancel a lien after Plaintiff paid the undisclosed amount owed. According to Plaintiff, a "payoff agreement" was reached, and he only alleges fault to Defendant after he performed his part of the agreement and Defendant did not perform as expected – a claim sounding in breach of contract, as labeled by Plaintiff himself. Cf. Bates v. JPMorgan Chase Bank, NA, 768 F.3d 1126, 1130 (11th Cir. 2014) ("The elements for a breach of contract claim in Georgia are the (1) breach and the (2) resultant damages (3) to the party who has the right to

6

complain about the contract being broken." (citations omitted).) As Plaintiff has not alleged the transaction at issue with Defendant is covered by the FDCPA, and as the Declaratory Judgment Act cannot form an independent basis for federal question jurisdiction, there is no federal question jurisdiction apparent on the face of the amended complaint.

Although Defendant does not raise diversity of citizenship as a basis for federal jurisdiction, for the sake of completeness, the Court will address it. Federal courts have jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000," and is between "citizens of different States." 28 U.S.C. § 1332(a)(1). The burden is on the party invoking federal jurisdiction to demonstrate that diversity exists by a preponderance of the evidence. McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002). "Complete diversity requires that no defendant in a diversity action be a citizen of the same state as any plaintiff," and a corporation is deemed a citizen of every state in which it is incorporated and where it has its principal place of business. MacGinnitie v. Hobbs Grp., LLC, 420 F.3d 1234, 1239 (11th Cir. 2005); 28 U.S.C. 1332(c)(1).

Plaintiff cannot meet his burden because he neither provides incorporation information about Defendant nor states where its principal place of business is located. (See doc. no. 5.) Moreover, even if the Court were to assume, solely for the sake of argument, diversity of citizenship based on the name of Defendant, Plaintiff has not provided any information about the amount in controversy, let alone information to suggest it exceeds the $75,000 threshold. Because Plaintiff has failed to plead sufficient facts to establish he is entitled to invoke the jurisdiction of the federal courts, his amended complaint must be dismissed.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 10th day of May, 2017, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA