IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| TAQI EL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 117-052 |
| | ) |
| NORTH CAROLINA STATE | ) |
| EMPLOYEES' CREDIT UNION, | ) |
| | ) |
| Defendant. | ) |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed (doc. no. 10). The Magistrate Judge recommended dismissal of this case because Plaintiff failed to plead sufficient facts to invoke the jurisdiction of the federal courts. (See doc. no. 8.) The Magistrate Judge made this recommendation after reviewing the original complaint, explaining no valid basis for federal jurisdiction could be discerned therein, and giving Plaintiff an opportunity to file an amended complaint. (Doc. no. 4.)

In that Order allowing Plaintiff to re-plead his claims, the Magistrate Judge identified specific pleading deficiencies and provided explicit instructions about how to file the amended complaint. (Id. at 3-5.) The Order also stated:

> Plaintiff is further cautioned that no portion of any prior pleading shall be incorporated into his amended complaint by reference. Moreover, Plaintiff shall submit only one amended complaint in accordance with the terms of this

Order. Therefore, Plaintiff shall state in the single amended complaint filed in accordance with the terms of this Order all claims that he wishes the Court to consider as a basis for awarding the relief sought.

(Id. at 5.)

Plaintiff submitted his amended complaint on the Form Pro Se 1, Complaint for a Civil Case, with which he had been provided, but the allegations presented did not cure the pleading deficiencies. As the Magistrate Judge correctly determined, the Declaratory Judgment Act is not an independent basis for federal jurisdiction, and the remainder of the claims sounded in breach of contract. (See doc. no. 8.) Having received the recommendation for dismissal, Plaintiff claims, despite the instructions set forth above, he did not understand all of his claims from the original complaint would not be incorporated into the Court's review of the amended complaint. (Doc. no. 10.) Thus, Plaintiff requests yet another opportunity to amend his amended complaint, and he offers a proposed amended complaint as an exhibit to his objections/motion to amend. (See id.) The proposed amended complaint is not on the Form Pro Se 1 the Magistrate Judge directed Plaintiff to use, reverts to many of the pleading deficiencies identified with original complaint, and does not show there is federal jurisdiction over Plaintiff's claims.

As a general rule, leave to amend under Fed. R. Civ. P. 15(a) is given freely. Foman v. Davis, 371 U.S. 178, 182 (1962); Wedemeyer v. Pneudraulics, Inc., 510 F. App'x 875, 878 (11th Cir. 2013). That said, leave to amend is not guaranteed, and a trial court may deny such leave "in the exercise of its inherent power to manage the conduct of litigation before it." Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008). "In making this determination, a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment." Saewitz v.

2

Lexington Ins. Co., 133 F. App'x 695, 699 (11th Cir. 2005) (quoting Foman, 371 U.S. at 182).

Having considered the substance of the proposed second amended complaint, the Court denies the motion to amend because it is futile and because of Plaintiff's dilatory tactics in purposefully ignoring the Court's explicit instructions concerning amendment. First, the Court provided Plaintiff explicit instructions on the method for amending his complaint if he wanted to pursue this case, including using Form Pro Se 1 and refraining from reciting legal terminology without factual detail and from describing his Moorish American background in the complaint. The proposed amended complaint does not comply with any of those instructions.

Second, Plaintiff simply removes the words "breach of contract" and "declaratory judgment" from the proposed amended complaint, but he does not change description, and thus the nature, of his claims. Plaintiff's claims still revolve around a contractual dispute for a $9,000 car loan, which as the Magistrate Judge explained does not raise a federal claim. Lastly, Plaintiff fails to provide any details supporting his bald assertion that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"). Not only does Plaintiff fail to attach certain exhibits referenced in the proposed amended complaint, (for example, "Plaintiff's Exhibit: Support Case 1925256" (doc. no. 10, p. 6)), but his conclusory phrases listed after statutory citations, (id. at 8), are insufficient to show Plaintiff is entitled to relief. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (requiring "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and rejecting "labels and conclusions" as sufficient to satisfy Rule 8 pleading requirements).

In sum, the Court denies the request to file a second amended complaint. Plaintiff's attempt to invoke federal jurisdiction with conclusory FDCPA claims is futile, and his dilatory reversion to proposing a second amended complaint in a format already rejected once by the Court will not be rewarded. Accordingly, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DISMISSES** this case, and **CLOSES** this civil action.

SO ORDERED this 31st day of May, 2017, at Augusta, Georgia.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA